UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

———

**ORDER REGULATING PRACTICE**

*for civil cases assigned to*

**THE HONORABLE J. CAMPBELL BARKER**

———

Pursuant to Federal Rule of Civil Procedure 83(b), this order regulating practice applies while this case is assigned to the undersigned judge. Pro se litigants are exempt from this order. This order is not effective until signed and entered on the docket of a given case. *See* Fed. R. Civ. P. 79(a).

**TABLE OF CONTENTS**

JCB-CV-5.3. Courtesy copies ..................................................... 2

JCB-CV-7.1. Certificate of interest ............................................ 3

JCB-CV-7.2. Proposed orders .................................................... 4

JCB-CV-7.3. Motion filing .......................................................... 5

JCB-CV-10. Format and length of filings ................................. 7

JCB-CV-16.1. Notice of readiness ............................................. 8

JCB-CV-37. Discovery motions ................................................. 9

JCB-CV-41. Settlement and dismissals ................................... 10

JCB-CV-42. Notice of related case ........................................... 11

JCB-CV-77. Notice regarding place of trial and hearings .......... 12

# REGULATIONS

## JCB-CV-5.3. COURTESY COPIES

Judge Barker has not opted out of Delaware Local Rule 5.3. For those enumerated documents filed electronically that exceed ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Barker's chambers in Tyler, Texas, and not to the Delaware clerk's office. A copy of the "Notice of Electronic Filing" must be attached to the front of the paper copy of the filed document. Parties are encouraged to use double-sided printing and to spiral-bind larger documents.

## JCB-CV-7.1. CERTIFICATE OF INTEREST

(a) A nongovernmental corporation, company, partnership, association, joint venture, or other nongovernmental entity appearing as a party in any case must file a certificate of interest that identifies (1) all parent companies, whether controlling the entity directly or indirectly through intermediaries; and (2) any publicly held company that has an ownership interest (such as stock or partnership shares) of 10% or more in the entity.

(b) The certificate of interest must be filed and supplemented at the times stated in Federal Rule of Civil Procedure 7.1(b).

*Explanatory note:*

This regulation seeks to provide additional information for determining whether recusal is necessary or appropriate. *See, e.g.*, D.C. Cir. R. 26.1; 3d Cir. R. 26.1.1; Fed. Cir. R. 47.4.

## JCB-CV-7.2. PROPOSED ORDERS

All motions and responses to motions, unless made during a hearing or trial, shall be accompanied by a separate proposed order in PDF format for the judge's signature. The proposed order shall be endorsed with the style and number of the cause and shall not include a date or signature block. Every proposed order must contain the specific relief that the party wants the court to award, not simply "motion granted." Motions lacking sufficient proposed orders will be terminated without prejudice.

*Explanatory note:*

A proposed order should state the relief requested with enough detail that entering it as an order of the court will not lead to a later request for clarification of its scope.

For example, a proposed order compelling discovery should specify the precise discovery and compliance timeline. A proposed injunctive order of any form should state in reasonable detail the act(s) restrained or required, the specific terms of the injunctive command, and the specific person(s) bound by the injunctive order. *See* Fed. R. Civ. P. 65(d).

### JCB-CV-7.3. MOTION FILING

(a) Any motion paper (i.e., a motion, response, or reply and any attachment thereto) shall not be filed with the court until the motion is fully briefed or the deadline for full briefing has passed. In lieu of such filing,

   (1) each motion paper shall be served on the parties as required, *see* Fed. R. Civ. P. 5, and

   (2) the serving party shall file a dated certificate of service using ECF event code *Certificate of Service*.

The filing of the certificate of service is hereby deemed, to the full extent allowed by court order and with the exceptions below, as the filing of the motion paper on that date and as required by Federal Rule of Civil Procedure 5(d)(1).

(b) A motion is "fully briefed" when either (1) the motion, any response, and any reply are served on every party or (2) a motion is unopposed or joined in by every party.

(c) Within one business day after a motion is fully briefed or the deadline for full briefing has passed: (1) the parties shall file their motion papers in the normal order (motion, response, reply); and (2) the movant shall file, using ECF event code *Notice*, a notice of compliance with this order stating that the motion is fully briefed or that the deadline for full briefing has passed.

(d) *Exceptions.* The filing regulation above does not apply to:

   (1) Motions in cases with a litigant proceeding pro se;

   (2) Motions for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2);

   (3) Post-trial and post-judgment motions pursuant to Federal Rules of Civil Procedure 50(b), 52(b), 59, and 60;

   (4) Emergency motions;

   (5) Motions that may be heard ex parte within the meaning of Federal Rule of Civil Procedure 5(a)(1)(D); and

 (6) Motions as to which a party concludes in good faith and states in its filing, with citation of this provision, that waiting for full briefing before filing could impair a substantive right (as when an immediate ruling is needed to preserve rights).

(e) Early filing of a motion in contravention of this regulation will result in termination of the motion without prejudice. If the certificate of service filed with a terminated motion is filed in compliance with this regulation within one business day of the termination, the certificate will relate back to the original filing date for purposes of subsection (a).

(f) If a motion paper's deemed filing date under subsection (a) is after an applicable deadline, a party may move to extend that deadline, to strike the filed certificate of service, or to extend a later deadline.

(g) A motion paper may not be modified once served. But a movant may choose to withdraw a served motion by notice to the court, using ECF event code *Notice*.

(h) A party may not file a sur-reply without leave of court.

*Explanatory note:*

 Modeled on the practice requirements of many Eastern District of New York district judges, this "bundling requirement" promotes judicial efficiency in two ways. It provides the parties a chance to review and confer about a complete set of motion papers before deciding if a motion is worth presenting to the court. And it ensures that all related documents—motion, response, and reply—are docketed as a set of filings at one time, rather than as multiple submissions potentially months apart.

## JCB-CV-10. FORMAT AND LENGTH OF FILINGS

(a) Any document that is submitted for filing in the case—except for exhibits, attachments, and forms prepared independently of the case—must bear a page number on each page, starting with 1 on the first page (even if a cover page). Roman numerals are not allowed. The page number must be in the bottom margin of each page.

(b) Every page in a document counts toward any page limitation except for any page bearing only a case caption, table of contents, table of authorities, signature block, certificate of conference or compliance, or some combination of those items. *See* Local Rule 7.1.3(a)(4). Incorporating by reference a previously filed document requires counting its pages.

(c) Any table of contents in a document should be embedded in the filed PDF. Any document that would have tabs in hardcopy should also have bookmarks in the filed PDF.

*Explanatory note:*

Subsection (a) ensures that the page numbering assigned by the court's Electronic Case Filing system matches the numbering assigned by a party, avoiding confusion in pinpoint citations. This order broadly applies to any document prepared and submitted for filing in the case. But the order's exception applies to documents like preexisting exhibits and to forms like those created by the Administrative Office of the U.S. Courts.

The rest of this order specifies various page-limit and document-format requirements.

## JCB-CV-16.1. NOTICE OF READINESS

A plaintiff must file a notice that the case is ready for a scheduling conference within five days after all defendants who are not subject to a stay have either answered or otherwise responded to the complaint. In cases with multiple plaintiffs, they may file a single, joint notice.

## JCB-CV-37. DISCOVERY MOTIONS

Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1, that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the undersigned's courtroom deputy to schedule an argument.

On a date to be set by separate order, generally not less than four days prior to the conference, the party seeking relief shall file with the court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

The parties shall provide to the court two courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall comply with JCB-CV-5.3 above.

Should the court find further briefing necessary upon conclusion of the conference, the court will order it. Alternatively, the court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference. If a discovery-related motion is filed without leave of the court, it will be denied without prejudice to the moving party's right to bring the dispute to the court through the discovery-matters procedures set forth in this order.

## JCB-CV-41. SETTLEMENT AND DISMISSALS

(a) "A lawyer should constantly evaluate the strength of a client's legal position and keep the client advised. A lawyer should seek to settle any matter at any time that such course of action is determined to be consistent with the client's best interest after considering the anticipated cost of continuing the proceeding and the lawyer's good faith evaluation of the likely result." Del. State Bar Ass'n & Del. Sup. Ct., *Principles of Professionalism for Delaware Lawyers* B(4) (2003).

(b) Upon the settlement in principle of a case, the parties must promptly file a notice and joint motion entitled "Notice of settlement and joint motion to stay all deadlines." This filing must:

   1. Affirmatively state that all matters in controversy have settled in principle.

   2. Request a stay of unreached deadlines in the scheduling order—or a stay of the entry of a scheduling order—for a specifically stated period of time, showing good cause for any requested stay of more than 30 days.

   Filings that do not comply with this order, including by failing to state that all matters in controversy have in fact settled, will not secure a stay of existing deadlines or support a later request to reset missed deadlines or amend the scheduling order.

(c) A plaintiff may dismiss all of its claims against a given defendant or its entire lawsuit by filing a notice or joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1). *Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 n.3 (3d Cir. 2021). That filing automatically dismisses the claims or case without further action by the court, so the parties need not file a motion to dismiss. *Id.* at 270 & n.2.

## JCB-CV-42. NOTICE OF RELATED CASE

If a party in this case is also a party in a related case that is filed in or removed to any federal court, that party must promptly file—in this case—a notice entitled "Notice of related case." That notice must identify the related case, the federal court in which it is pending, and the date on which it was filed in or removed to that court.

*Explanatory note:*

For purposes of this regulation, a "related case" is a case that meets the definition in Local Rule 3.1(b). This regulation is intended to ensure notice in the first-filed related case.

### JCB-CV-77. NOTICE REGARDING PLACE OF TRIAL AND HEARINGS

Within 28 days from the initial entry of this order or from the party's appearance in the case, whichever is later, each party shall file a notice stating whether the party consents to trial, *see* 28 U.S.C. § 1404(a), hearings, *see* Fed. R. Civ. P. 77(b), or both in the Eastern District of Texas, Tyler Division.

*So ordered by the court.*

J. CAMPBELL BARKER
United States District Judge