UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:22-cv-01379

**Charge Fusion Technologies, LLC,**
*Plaintiff,*
v.
**Polestar Automotive USA, Inc.,**
*Defendant.*

# ORDER

Before this case's reassignment to the undersigned, the court held that all dispositive motions were waived with the exception of one *Daubert* motion for each party. Doc. 39. The court now, however, agrees with the parties' request (Doc. 40) to allow for additional dispositive motions in this case. The previous limitations on dispositive motions are removed, notwithstanding anything in this order to the contrary.

Pursuant to Federal Rule of Civil Procedure 16(b) and the District of Delaware Local Rules (except as modified herein), the court, having considered the proposed scheduling order submitted by the parties (Doc. 40-1), orders that the following schedule should govern the disposition of this case:

| | |
|---|---|
| **January 12, 2026** | **JURY SELECTION AND TRIAL at 9:30 a.m. EST / 8:30 a.m. CST before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| **January 7, 2026** | **A pretrial conference will be conducted, in person, at 9:30 a.m. EST / 8:30 a.m. CST before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| **December 19, 2025** | Parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c). The parties shall provide the court two courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents, and the paragraphs shall be numbered.<br><br>Deadline for parties to file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms, where a case is to be tried to a jury pursuant to Local Rules 47.1(a)(2) and 51.1. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. |

| | |
|---|---|
| **December 15, 2025** | Deadline for plaintiff to file with the clerk an executed copy of the proposed pretrial order, which shall include the matters described in Local Rule 16.3(c), as well as the required language in Local Rule 16.3(d)(4). |
| **December 8, 2025** | Deadline for all other parties to provide the plaintiff and each other party with their responses to the plaintiff's draft order. Such responses shall include the party's response to plaintiff's proposed language for the sections of the pretrial order to be jointly submitted by all parties, as well as the sections relating to the party's case. If the parties have not yet exchanged trial exhibits, the party shall provide plaintiff and each other party with a copy of, or reasonable access to, the party's proposed trial exhibits. Local Rule 16.3(d)(2). |
| **November 18, 2025** | Deadline for plaintiff to provide a draft pretrial order to all other parties. The draft shall include proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to plaintiff's case. If the parties have not yet exchanged trial exhibits, plaintiff shall provide all other parties with a copy of, or reasonable access to, the plaintiff's proposed trial exhibits. Local Rule 16.3(d)(1). |
| **November 15, 2025** | Deadline for parties to **jointly prepare and file a written mediation report**, which shall be signed by counsel for each party, describing the required details in the mediation subsection below. |
| **September 5, 2025** | Deadline by which all reply briefs shall be served and filed. Reply briefs shall be limited to 20 pages absent an order of the court upon a showing of good cause. |
| **August 29, 2025** | Deadline by which all responsive briefs shall be served and filed. Responsive briefs shall be limited to 40 pages absent an order of the court upon a showing of good cause. |

| | |
|---|---|
| **August 15, 2025** | **Deadline by which all case dispositive motions shall be served and filed.** Dispositive motions shall be limited to 40 pages absent an order of the court upon a showing of good cause.<br><br>Deadline for any objection to expert testimony made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, unless otherwise ordered by the court. Each party is permitted to file one *Daubert* motion, which includes all grounds on which relief is sought and which complies with the Local Rules of this court. Each side will be limited to an opening or answering brief not to exceed 20 pages and no reply brief shall exceed 10 pages, exclusive of any table of contents and table of citations. |
| **August 8, 2025** | Deadline by which the parties shall complete all expert discovery. |
| **July 31, 2025** | Reply expert reports from the party with the initial burden of proof are due. No other expert reports will be permitted without either the consent of all parties or leave of the court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.<br><br>The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions). Doc. 40-1 at 4.<br><br>If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and when they cannot reasonably be resolved, use this order's discovery dispute procedure or the complaint will be waived. |
| **July 17, 2025** | The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due. |
| **July 1, 2025** | The initial Rule 26(a)(2) disclosure of expert testimony is due for the party who has the initial burden of proof on the subject matter. |

| | |
|---|---|
| **June 16, 2025** | ***Markman* hearing and hearing on any motion for summary judgment of indefiniteness at 10 a.m. EST / 9 a.m. CST before Judge J. Campbell Barker. As the date of the *Markman* approaches, based on the needs of the parties and the issues to be resolved, the court will make a decision as for whether the *Markman* will be in-person or remote.** |
| **May 2, 2025** | Deadline for parties to file a joint claim construction brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in the form prescribed by the "claim construction" subsection below.<br><br>Deadline for parties to, if they so choose, file a technology tutorial. |
| **April 25, 2025** | Deadline by which defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, as well as any materials in support of their proposed constructions, including expert declarations. |
| **April 18, 2025** | Deadline by which plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, as well as any materials in support of their proposed constructions, including expert declarations. |
| **April 4, 2025** | Defendants shall serve, but not file, their answering claim construction brief, not to exceed 30 pages, as well as any materials in support of their proposed constructions, including expert declarations. |
| **March 7, 2025** | Plaintiff shall serve, but not file, their opening claim construction brief, not to exceed 20 pages. |
| **February 28, 2025** | Defendant shall provide final non-infringement contentions. |

| | |
|---|---|
| **February 21, 2025** | Deadline for parties to file a joint claim construction chart, identifying for the court the terms of the claims in issue. The chart should include each party's proposed construction of the disputed claim language with citations only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence shall not be attached to the joint claim construction chart and, instead, the parties shall include an appendix with the joint claim construction brief and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing. The joint claim construction chart should include an explanation of why resolution of the dispute makes a difference. |
| **January 31, 2025** | Plaintiff shall provide final validity contentions. |
| **December 31, 2024** | Defendant shall provide final invalidity contentions. |
| **December 13, 2024** | All fact discovery in this case shall be initiated so that it will be completed on or before this date. |
| **November 30, 2024** | Plaintiff shall provide final infringement contentions. |
| **November 13, 2024** | Defendant shall supplement its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. |
| **November 6, 2024** | Absent agreement among the parties and approval of the court, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references. |
| **November 1, 2024** | Plaintiff shall produce its initial claim charts relating each known accused product to the asserted claims each such product allegedly infringes. |
| **October 31, 2024** | Deadline by which document production shall be substantially complete. |
| **October 18, 2024** | Defendant shall supplement its production of core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall produce sales figures for the accused products. |

| | |
|---|---|
| **October 18, 2024** | Deadline by which parties shall exchange a list of the claim terms and phrases that they believe need construction and their proposed claim construction of those terms and phrases. These constructions and accompanying evidence need not be filed with the court by this date. |
| **July 19, 2024** | Date by which parties should have submitted (1) motions for leave to join parties and (2) motions for leave to amend pleadings.<br><br>This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. *See, e.g.*, Fed. R. Civ. P. 15(a), 21.<br><br>Parties may petition the court to modify this deadline for good cause. |
| **April 12, 2024** | The parties made their initial disclosures pursuant to FRCP 26(a)(1). *See* Doc. 40-1 at 1. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference.<br><br>Date on which the protective order (Doc. 28) was entered. |

If any of these dates fall on a weekend or court holiday, the deadline is modified to be the next court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the Local Rules of this court must be observed.

## Motions

Except as otherwise specified herein, any application to the court shall be by written motion. Any non-dispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. Unless otherwise ordered, failure to so aver may result in dismissal of the motion. For purposes of this Rule, "a reasonable effort" must include oral communication that involves Delaware counsel for any moving party and Delaware counsel for any opposing party. Local Rule 7.1.1.

## Discovery

### 1. Miscellaneous Discovery Matters

The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether it expects to institute any further litigation in this district or other districts within the next year. Defendant should advise whether it expects to file one or more IPRs and, if so, when.

The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the court will consider such limits are before claim construction and after a ruling on claim construction.

### 2. Discovery limitations

The discovery in this cause is further limited in the following manner: (i) 28 interrogatories, including contention interrogatories, per side; (ii) 30 requests for admissions per side, excluding requests for admission regarding authentication; and (iii) 70 hours of testimony by deposition of fact witnesses upon oral examination.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this court for the purpose of this provision. "Side" means a party or a group of parties with a common interest. Any party may later move to modify these limitations for good cause.

The court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides.

### 3. Discovery disputes

Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures. Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith about the dispute.

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall

contact the court's case manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the court agree with the party on a particular issue, the court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the court's order. Any proposed order shall be emailed, in Word format, simultaneously with filing to Judge_Barker_ECFDocs@txed.uscourts.gov.

If a discovery-related motion is filed without leave of the court, it will be denied without prejudice to the moving party's right to bring the dispute to the court through the discovery matters procedures set forth in this order.

The parties shall provide to the court two courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

**4. Motions to amend or strike**

Any motion to amend (include a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure above. Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

**5. Papers filed under seal**

In accordance with Section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, when filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

**6. Courtesy copies**

Unless otherwise ordered by the court, if a document to be filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the presiding judge's chambers in Tyler, Texas. A copy of the "Notice of Electronic Filing" must be attached to the front of the paper copy of the filed document. The paper copy should be sent directly to the judge's chambers and not to the clerk's office.

## Claim construction

The format of the joint claim construction brief shall be as follows: (1) representative claims, (2) agreed-upon constructions, and (3) disputed constructions, including: (a) each term, (b) plaintiff's opening position, (c) defendants' answering position, (d) plaintiff's reply position, and (e) defendants' sur-reply position. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits in this scheduling order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

Absent prior approval of the court (which, if sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the joint claim construction brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the court should allow for the argument.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a joint appendix.

## Mediation

The parties are required to engage, in good faith, in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the information of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counteroffers, or other negotiations.

## Pretrial materials

### 1. Pretrial conference

Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedural 26(a)(3).

**2. Motions in limine**

Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three in limine requests, unless otherwise permitted by the court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the court.

**3. Deposition-testimony designations**

Each party shall file a list of designated deposition testimony that it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

**4. Voir dire**

Voir dire will be conducted in accordance with Local Rule 47.1.

**5. Trial briefs**

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the court, trial briefs are not required but are welcomed. The briefing should discuss any applicable Supreme Court, federal court of appeals, or state-court authority in addressing the issues expected to arise at trial.

## Trial

This matter is scheduled for a 3-day jury trial. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**1. Judgment on verdict and Post-Trial Status Report**

Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

**2. Post-trial motions**

Unless otherwise ordered by the court, all sides are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

## Modification of scheduling order

As addressed above, this order shall control the disposition of this case unless it is modified by the court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request for a scheduling order modification must be made to the court **in writing**. The request must contain two charts that list all future deadlines in the scheduling order. The first chart will contain three columns: one column will provide a description for each deadline; one column will list the current date for each deadline; and one column will list the change—if any—that is requested for any particular deadline (if no change is requested for a particular deadline, the cell for that deadline will say "N/A"). The second chart will list all future deadlines in the scheduling order as they would be if the court accepted the proposed changes. Any request that the trial date be modified must be made **before** the deadline for completion of discovery.

## Inquiries

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the District of Delaware website.

*So ordered by the court on October 11, 2024.*

J. CAMPBELL BARKER
United States District Judge